**FILED**

MAY 3 2010

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re | Case No. 10-20002-E-13 |
| | Docket Control No. NLB-2 |
| NANCY LOUISE BROWN, | |
| Debtor(s). | |

**(NOT FOR PUBLICATION)**

**FINDINGS OF FACT
AND
CONCLUSIONS**

The Debtor having filed an *ex parte* Emergency Motion
Requesting Immediate Order Pending Hearing ("Emergency Motion")
requesting that the court issue an order extending the automatic
stay, and the court having reviewed the Emergency Motion,
supporting pleadings, and the files in this case, the court makes
the Following Findings of Fact and Conclusions of Law in support
of the order denying the *ex parte* Emergency Motion.

**FINDINGS OF FACT**

1.    Nancy Louise Brown, the Debtor, ("Debtor") commenced
the present voluntary Chapter 13 case on January 1, 2010.

2.    The Debtor had commenced a prior Chapter 13 case on
October 22, 2009, which was dismissed by the court on
December 28, 2010.  The prior case, No. 09-42922, was dismissed

1  upon a Motion to Dismiss filed by the Chapter 13 Trustee based

2  upon the Debtor having failed to file a standard form Chapter 13

3  Plan, Schedules A-J, Statement of Financial Affairs, and

4  Statement of Current Monthly Income and Disposable Income

5  Calculation, and the provisions of 11 U.S.C. §521(i)(1).

6      3.    The Chapter 13 Plan proposed in this case by the Debtor

7  provided for payment of creditor claims from the proceeds

8  generated by the sale of the Debtor's home.  The Plan provided

9  for payments of $25.00 a month for the first three months of the

10 Plan, with the creditors to be paid in the fourth month of the

11 Plan from the sales proceeds.

12     4.    Creditor Jacob Bar, as Trustee of the JPSL Barr, Inc.

13 Profit Sharing Retirement Trust, the holder of the third trust

14 deed secured by the Debtor's residence, commonly known as

15 1007 McCloud Avenue, Mt. Shasta, California, filed a motion for

16 relief from the automatic stay in the present case.  In

17 opposition to the motion for relief from the automatic stay the

18 Debtor testified under penalty of perjury in a declaration filed

19 on February 18, 2010, to the following:

20     a.    On January 26, 2010, the Debtor entered into a contract
            to sell the 1007 McCloud property to Marty Wiz, the
21          holder of a fourth trust deed against said property.

22     b.    The sales price is $690,000.00, in "AS-IS" condition.

23     c.    In the Debtor's opinion the real property has a value
            of $750,000.00, and is selling it for $690,000.00 to
24          get a reasonably quick sale.

25     d.    From Schedule D filed by the Debtor, the total liens
            against the 1007 McCloud property are $430,000.00.  The
26          Debtor states in her declaration that Marty Wiz is only
            required to "come up with" the balance of the purchase
27          price in excess of the liens on the property.

28 ///

Nancy Louise Brown Declaration, filed February 18, 2010, Docket Entry No. 33.

    5.    In opposition to the Motion for Relief, the declaration of Marty Wiz was filed by the Debtor.  In his declaration, under penalty of perjury, Mr. Wiz testified to the following:

    a.    On January 26, 2010, Mr. Wiz entered into a Contract for Sale of the real property known as 1007 McCloud Ave, Mt. Shasta, California.

    b.    The purchase price will be paid no later than 60 days after the date of the contract.

    c.    Mr. Wiz was liquidating assets "which will allow me [Marty Wiz] to pay that cash within 60 days; so there is no need to seek new financing.  I do have alternate means of getting the money if need be."

    d.    Mr. Wiz opened an escrow for the purchase of the property at Mt. Shasta Title & Escrow Company, and "I [Mr. Wiz] have every intention of completing this purchase on time."

Marty Wiz Declaration, filed February 18, 2010, Docket Entry No. 34.

    6.    The court entered an order terminating the automatic stay, effective April 30, 2010, to allow the creditor to foreclose.  Amended Minute Order for Relief, entered March 17, 2010, Docket Entry No. 57.

    7.    On March 3, 2010, the Debtor filed a Motion for Order Allowing Debtor to Sell Real Property, Docket Entry 40.  In this motion the Debtor affirmatively states,

    a.    Escrow will close within 60 days of January 26, 2010.

    b.    Buyer is Marty Wiz, who is a stranger in blood to the Debtor.

    c.    All debt owed to creditors holding liens and security interests encumbering the property will be satisfied before or simultaneously with the transfer of title or possession of the property to the buyer.

8.   The Debtor provided her declaration under penalty of perjury in support of the motion to sell, in which she testified to the following:

    a.    The Debtor has had a string of physical and financial setbacks which have led to her financial predicament.

    b.    Debtor has reduced the price of the property, and has received a non-continent offer to purchase the property, with no brokers involved in the transaction.

    c.    The buyer is Marty Wiz, and escrow will close within 60 days of January 26, 2010.

    d.    All debts owed creditors with liens and security interests encumbering the property will be satisfied before or simultaneously with the transfer of title or possession to the buyer.

9.   The Debtor did not include a copy of the contract with the motion to sell, but did attach a closing statement on Mt. Shasta Title & Escrow Company letterhead.

10.   In granting the motion to sell, the court stated its findings of fact and conclusions of law in the Civil Minutes for the March 23, 2010 hearing on the Debtor's motion to sell.  The findings include that the sale is to occur within 60 days of January 26, 2010.   Docket Entry No. 58.

11.   In the present Emergency Motion the Debtor alleges the following facts:

    a.    A foreclosure was scheduled on April 30, 2010, for the 1007 McCloud Avenue property.   (The Emergency Motion was filed on April 30, 2010.)

    b.    The Debtor is requesting an emergency stay to stop the foreclosure pending a hearing.

    c.    Debtor's attorney did not file a request that the stay be extended.

    d.    The Debtor's attorney "left the case" on April 29, 2010.

    e.    The Debtor is in *pro se*.

f.  The Debtor filed bankruptcy to keep the foreclosing
    creditor from taking the 1007 McCloud Avenue property
    so that the Debtor could pay all of her creditors.

g.  The Chapter 13 Trustee has filed a motion to dismiss
    her case, which is set for hearing on June 29, 2010,
    and that the stay should be extended to that date.

Emergency Motion Requesting Immediate Order Pending Hearing,
filed April 30, 2010, Docket Entry No. 76.

12.  In support of the Emergency Motion, the Debtor has
provided her declaration under penalty of perjury, which merely
is a copy of the statements made in the Emergency Motion.

13.  The Debtor has filed a second declaration in support of
a Motion to Modify Plan, Extend the Stay of Proceedings and
Remain Under the Protection of Chapter 13 Bankruptcy, which the
Debtor misidentified as being filed in her prior bankruptcy case
(Case No. 09-42922, Docket Control No. NLB-1).  The court has
reviewed this additional testimony of the Debtor under penalty of
perjury, in which the Debtor states:

a.  After refusing to file a Motion in Opposition to Relief
    from Stay, the Debtor's attorney resigned from the
    responsibility of representation, one day before the
    April 30, 2010 foreclosure.

b.  The Debtor has filed a complaint with the California
    Department of Real Estate ("DRE") for which there is an
    investigation concerning her complaints that Jacob Barr
    engaged in predatory lending practices and other
    illegal and/or unethical activities pertaining to the
    alleged loan for which the April 30, 2010 foreclosure
    is pending.

c.  The Debtor has sent a loan cancellation to Jacob Barr.

d.  A legal injunction is being prepared to be filed by the
    Debtor against Jacob Barr.

e.  The Debtor seeks a stay of proceedings in order to find
    another attorney, modify her Chapter 13 Plan, and allow
    the authorities to investigate her complaints against
    Jacob Barr concerning the alleged obligation secured by

5

1    the 1007 McCloud Avenue property.

2    f.    Failing to stay Mr. Barr from foreclosing would cause
          irreparable harm to the Debtor and her creditors
3         because the 1007 McCloud Avenue property is the only
          remedy for payment to the creditors.

4

5    Nancy Brown Declaration, filed April 29, 2010.

6        14.    The Schedules and Statement of Financial Affairs filed

7    by the Debtor in the instant case, No. 10-20002, do not list any

8    claims or rights against Jacob Barr or the Barr Trust for which

9    he serves as the trustee.  At no time prior to the April 30, 2010

10   Emergency Motion and the April 29, 2010 motion and declaration

11   filed in the wrong case, did the Debtor assert in the instant

12   case any claims against or disputes with Jacob Barr and the Barr

13   Trust.  At all prior times the Debtor merely sought time to

14   complete the sale of the property to Marty Wiz.

15       15.    No evidence or argument was submitted why the

16   1007 McCloud Avenue property has not been sold under the terms of

17   the non-contingent Sale Contract with Mr. Wiz within the 60-day

18   period from January 26, 2010, which is more than 30 days prior to

19   the April 30, 2010 termination of the automatic stay.

20       16.    The Debtor repeatedly represented to the court and

21   parties in interest that the sale of the 1007 McCloud Avenue

22   property was not subject to any contingencies and would be sold

23   to provide for payment in full of creditor claims within the

24   proposed Plan four (4) month term.

25                         **CONCLUSIONS OF LAW**

26       1.    The automatic stay was terminated by the order on

27   April 30, 2010.

28       2.    As of the filing of the Motion on April 30, 2010, no

1   automatic stay existed to be extended by the court.

2       3.   The Debtor has not filed a motion to vacate the
3   March 17, 2010 order of the court terminating the automatic stay.

4       4.   To the extent that the Emergency Motion is construed to
5   be a motion to vacate the March 17, 2010 order of the court, that
6   motion and supporting pleadings fail to establish a sufficient
7   basis for such relief under Rule 60, Federal Rules of Civil
8   Procedure, as made applicable to this bankruptcy case by
9   Rule 9024, Federal Rules of Bankruptcy Procedure. <u>Zurich Am.</u>
10  <u>Ins. Co. v. International Fibercom, Inc.</u>, 503 F.3d 933, 940 (9th
11  Cir. 2007).

12      5.   Stating that she now wishes to prosecute a heretofore
13  undisclosed complaint against Jacob Barr and the Barr Trust is
14  not adequate grounds under Rule 60(b) for vacating the order
15  terminating the automatic stay.

16      6.   The Debtor not addressing the pending April 30, 2010
17  foreclosure sale until April 29, 2010, is not grounds to vacate
18  the order terminating the automatic stay.

19      7.   The Debtor changing counsel, which has not been allowed
20  by the court, on the eve of the April 30, 2010 foreclosure sale
21  is not grounds for vacating the order terminating the automatic
22  stay.

23      8.   Stating that the foreclosure of the 1007 McCloud Avenue
24  property (four months after the filing of the present case and
25  six months after the filing of the prior bankruptcy case which
26  was dismissed for failing to file documents) is not sufficient
27  grounds for vacating the order terminating the automatic stay,
28  nor are they a showing of "irreparable harm" to creditors.

9.    Upon termination of the automatic stay, a subsequent stay issued by the court is properly made under Rule 7001 pursuant to an adversary proceeding, and not by motion brought in the bankruptcy case.  In re Gledhill, 76 F.3d 1070 (10th Cir. 1996); In re Wishon, 410 B.R. 295 (Bkcy OR 2009).  No adversary proceeding has been filed by the Debtor seeking such relief.

10.    No substantive or proper procedural basis has been shown for an entry of an order either vacating the order granting relief from the automatic stay or the court issuing a new stay relating to the foreclosure by the Barr Trust on the 1007 McCloud Avenue property.

Dated: May 3 , 2010

_____
RONALD H. SARGIS, Judge
United States Bankruptcy Court

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**

**CERTIFICATE OF MAILING**

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was mailed today to the following entities listed at the address shown on the attached list or shown below.

| | | |
|---|---|---|
| Nancy Louise Brown | Clark D. Nicholas | Lawrence J. Loheit |
| 1007 McCloud Ave | 1930 West St. | PO Box 1858 |
| Mount Shasta, CA 96097 | Redding, CA 96001 | Sacramento, CA 95812-1858 |

**DATED:** 5/4/10

**By:** _____

Deputy Clerk
BARBARA REYNOLDS

EDC 3-070 (New 4/21/00)